# United States Bankruptcy Court
## Southern District of Florida

In re:                                                      Case No.:14-27863-AJC

SAINTIL MESIDOR and
RITA TELFORT,                                               Chapter 11

        Debtors.

_____/

### SAINTIL MESIDOR and RITA TELFORT'S PLAN OF REORGANIZATION

## ARTICLE I
## SUMMARY

      This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Saintil Mesidor and Rita Telfort (the "Debtor") from Debtor's income in such amounts as are set forth herein.

      This Plan provides for five (5) classes of claims as detailed below: one class is for priority claims, two classes are for secured claims and one class is for unsecured claims, including allowed under-secured claims. The unsecured claims will receive distributions, which the proponent of this Plan has valued at approximately 5% of the claims. The final class is the equity holder which in this case is the Debtor.

      All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01. <u>Class 1.</u>            Priority Creditors
    2.02. <u>Classes 2-3</u>     Secured Creditors on real property
    2.03. <u>Class 4.</u>            Unsecured Creditors

      2.04. Class 5.        Equity Security Holders (Debtor)

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

      3.01 Unclassified Claims. Under section §1123(a)(1), certain administrative expense claims and priority tax claims, if any, are not in classes. These claims will be paid in full on the Effective Date of the Plan.

      3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code, which shall include 100% of the allowed fees and costs approved by this Court in favor of Advantage Law Group, P.A. will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

      3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the Effective Date or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

      3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid in full on the effective date.

      3.05 Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), within ten (10) days of the entry of the order confirming the Plan, for pre-confirmation periods and simultaneously file all the Monthly Operating Reports for the relevant periods, indicating the cash disbursements for the relevant period. The Debtor, as Reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), based upon all post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Reorganized Debtor, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the Reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment, and concurrently filed with the Court, Post-Confirmation Quarterly Operating Reports indicating all the cash disbursements for the relevant period.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class 1 – Priority Claim**

Priority Claims (No claims filed) will be paid in full on the Effective Date of the Plan.

**Class 2 – Secured Creditor (JPMorgan Chase Bank)**

Class 2 consists of the secured claim of JPMorgan Chase Bank on the Debtor's property located at 2820 Somerset Dr. Unit #112, Lauderdale Lakes FL 33311.

**Class 3 – Secured Creditor (Green Tree Servicing LLC)**

Class 3 consists of the secured claim of Green Tree Servicing LLC on the Debtor's property located at 2820 Somerset Dr. Unit #311, Lauderdale Lakes FL 33311.

**Class 4 – General Unsecured Claims**

Class 4 consists of all general unsecured creditors who file timely allowed unsecured claims or who otherwise are entitled to receive a distribution as an unsecured creditor pursuant to Court Order. Unsecured creditors will receive a proportional share of a semi-annual dividend payment in the amount of $400.00 over a total period of five years. These claims will begin to receive payment upon the Effective Date of the Plan. Presently there are three (3) unsecured creditors (Claims #1, 2, and 3) who have filed claims.

NOTICE TO CLASS 4 – GENERAL UNSECURED CREDITORS: Pursuant to 11 U.S.C. §1129(a)(15), you may object to confirmation of the Plan if the value of the property to be distributed under the Plan is less than the projected disposable income of the Debtor (as defined in 11 U.S.C. §1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer.

**TREATMENT SUMMARY**

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Priority | unimpaired | To be paid in full on Effective Date of Plan. |

| | | |
|---|---|---|
| Class 2 – Secured Creditor JPMorgan Chase | unimpaired | The holder of the Class 2 Secured Claim will be paid in accordance with the Loan Modification agreement entered into between the parties. Payment to be made direct by Debtor. |
| Class 3 – Secured Creditor (Green Tree Servicing LLC) | impaired | The holder of the Class 3 Secured Claim will receive a monthly payment of $210.29 as determined by applying the allowed secured claim of $19,960.00 by Court's order of 10/2/14 (DE #36) to a 5.25% interest rate payable over 120 months. Payments, if they have not already done so will commence on the effective date of this Plan. Payments to be made direct by Debtor |
| Class 4 – General Unsecured Creditors | impaired | Each holder of a Class 4 General Unsecured Claim against the Debtor will receive, commencing on the Effective Date of this Plan (unless such holder's claim has been disputed or objected to), its' Pro Rata Share of the semi-annual payment of $400.00 for a period of 5 years. |
| Class 5 – Equity Security Holders | unimpaired | The Debtors shall retain their interest in all property not otherwise surrendered. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims.</u> The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases

(a) The Debtor assumes the following executory contracts and /or unexpired leases effective upon the Effective Date of this Plan as provided in Article VII:

ALL

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty (20) days after the date of the Order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 The Debtor's counsel will serve as distribution agent of all initial payments to be made.

7.02 On Confirmation, all property of the estate not otherwise surrendered shall be retained by the Debtor.

7.03 As to all surrendered property, Debtor shall execute and tender the applicable title document or deed to the secured creditor in sufficient form to transfer the property to the appropriate creditor or if more than one creditor, than as each creditor's interest may appear.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan.</u> The effective date of this Plan is the fourteenth (14th) day

following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

      8.03 <u>Severability.</u> If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

      8.04 <u>Binding Effect.</u> The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05 <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.06 <u>Controlling Effect.</u> Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      8.07 <u>Surrender or Abandonment of Property</u>. All property surrendered or abandoned by Debtors prior to the confirmation date of the Plan and not yet effective shall be deemed effective upon confirmation of the Plan.

      8.08 <u>Reservation of Rights Under Sections 1141(d)(5) and 350(a).</u>  The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of discharge, upon the payment of the initial payment under this Plan, payment of all outstanding quarterly United States Trustee's Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid pursuant to the Plan to class 4, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b), and the Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. §1141(d)(5). <u>This paragraph only preserves the Debtor's right to seek the relief described above and does not conclusively grant such relief. Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtor after confirmation.</u>

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge.</u> Confirmation of the Plan does not discharge any debt provided in the Plan until the Court grants a discharge on completion of all payments under the Plan to Class 1 – 4 creditors or as otherwise provided in §1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under impaired §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## MODIFICATION AND FINAL DECREE

10.01 <u>Modification of Plan</u>. The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the debtor, the Trustee, the United States Trustee, or the holder of an allowed claim, to:

   (1) Increase or reduce the amount of payments on claims of a particular class provided for by the plan;

   (2) Extend or reduce the time period for such payments; or

   (3) Alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

10.02 <u>Final Decree</u>. Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Respectfully submitted,

_____
SAINTIL MESIDOR, Debtor

X Rita Telfort
_____
RITA TELFORT, Joint Debtor

_____
STAN L. RISKIN, Esq.

FBN 129106
ADVANTAGE LAW GROUP, P.A.
950 S. Pine Island Rd, Ste. A-150
Plantation, FL 33324
Tel: (954) 727-8271
Stan.riskin@gmail.com